# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **GARB OIL & POWER CORPORATION,** a Utah corporation, <br><br> Plaintiff, <br><br> v. <br><br> **TITAN INTERNATIONAL SECURITIES, INC.**, a corporation in the country of Belize, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br><br> Case No. 2:17-cv-00762-PMW <br><br><br><br> Chief Magistrate Judge Paul M. Warner |

Before the court is Plaintiff Garb Oil & Power Corporation's ("Garb") motion for alternative service.[1]

## **RELEVANT BACKGROUND**

According to the complaint in this case, Defendant Titan International Securities, Inc. ("Titan") is a corporation organized under the laws of Belize and has its principal place of business in Belize.[2] Garb asserts that it "initially attempted personal service" of the summons and complaint upon Titan, but that attempt "was unsuccessful."[3] Garb also makes the conclusory

---

[1] *See* docket no. 14.

[2] *See* docket no. 4 at 2.

[3] Docket no. 14 at 4.

assertion, without citation to any authority, that it "cannot serve Titan through postal services because of Belize's objections under the Hague Convention."[4]

In its motion, Garb seeks a court order permitting it to effect service of process upon Titan under Rule 4(f)(3) of the Federal Rules of Civil Procedure by sending a copy of the summons and complaint by e-mail to an attorney. Garb contends that said attorney is currently representing Titan in another, unrelated case pending in the Caribbean Court of Justice.

## **LEGAL STANDARDS**

Rule 4(h) of the Federal Rules of Civil Procedure governs service of process on a foreign corporation. Under Rule 4(h)(2), if a corporation is located "at a place not within any judicial district of the United States," then service of process may be accomplished "in any manner prescribed by Rule 4(f) for serving an individual." Fed. R. Civ. P. 4(h)(2). Rule 4(f) governs service of process on an individual in a foreign country. Service of process under Rule 4(f) is allowed in the following three ways:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or

---

[4] *Id.*

2

>>>(C) unless prohibited by the foreign country's law, by:
>>>>(i) delivering a copy of the summons and of the complaint to the individual personally; or
>>>>(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>>(3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f)(1)-(3).

In its motion, Garb seeks a court order permitting alternative service of process on Titan under Rule 4(f)(3). Courts have held that Rule 4(f) does not create a hierarchy among its subsections dictating that one form of service is favored over another. *See, e.g., Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) ("By all indications, court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2).") (footnote omitted); *Nat'l Cas. Co. v. W. Express, Inc.*, No. CIV-15-1222-R, 2017 WL 2241536, at *2 (W.D. Okla. May 22, 2017); *Schmitz v. Diao*, No. 11-CV-157-S, 2013 WL 12161450, at *2 (D. Wyo. May 13, 2013). Accordingly, "service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief." *Rio Props., Inc.*, 284 F.3d at 1015 (quotations and citation omitted).

Under the plain language of Rule 4(f)(3), service thereunder is permitted only if it is ordered by the court and not prohibited by international agreement. *See* Fed. R. Civ. P. 4(f)(3); *see also Rio Props., Inc.*, 284 F.3d at 1014; *Clancy Sys. Int'l, Inc. v. Image Sensing Sys., Inc.*, No. 16-CV-01848-CMA-KMT, 2016 WL 9344080, at *3 (D. Colo. Oct. 14, 2016); *Liberty Media Holdings, LLC v. Sheng Gan*, No. 11-CV-02754-MSK-KMT, 2012 WL 122862, at *1 (D. Colo. Jan. 17, 2012). The decision about whether to order service under Rule 4(f)(3) is left to the

court's discretion and is reviewed for an abuse of discretion. *See, e.g.*, *Rio Props., Inc.*, 284 F.3d at 1014-18; *Schmitz*, 2013 WL 12161450, at *2; *Blumedia Inc. v. Sordid Ones BV*, No. 10-CV-01158-MSK-KLM, 2011 WL 42296, at *4 (D. Colo. Jan. 6, 2011); *Malone v. Highway Star Logistics, Inc.*, No. 08-CV-01534-RPM-KLM, 2009 WL 2139857, at *2 (D. Colo. July 13, 2009).

Additionally, service of process under Rule 4(f)(3) must comply with traditional notions of due process. *See, e.g.*, *Rio Props., Inc.*, 284 F.3d at 1016-17; *Liberty Media Holdings, LLC*, 2012 WL 122862, at *1. To satisfy that requirement, "the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Rio Props., Inc.*, 284 F.3d at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Some courts have also required that a plaintiff to show that reasonable attempts were made to effect service and that court intervention is necessary to avoid unduly burdensome or futile efforts to effect service. *See, e.g.*, *Clancy Sys. Int'l, Inc*, 2016 WL 9344080, at *3; *Schmitz*, 2013 WL 12161450, at *3; *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 265-66 (S.D.N.Y. 2012); *Liberty Media Holdings, LLC*, 2012 WL 122862, at *2; *Blumedia Inc.*, 2011 WL 42296, at *4; *Malone*, 2009 WL 2139857, at *2; *Williams v. Advert. Sex LLC*, 231 F.R.D. 483, 486 (N.D. W. Va. 2005).

## **ANALYSIS**

For the following reasons, the court concludes that Garb's motion fails to satisfy the standards set forth above. First, Garb has failed to demonstrate, or even argue, that its requested

method of service is not prohibited by any international agreement. *See* Fed. R. Civ. P. 4(f)(3); *see also Rio Props., Inc*, 284 F.3d at 1014; *Clancy Sys. Int'l, Inc.*, 2016 WL 9344080, at *3; *Liberty Media Holdings, LLC*, 2012 WL 122862, at *1.

Second, Garb has failed to establish that its requested method of service comports with traditional notions of due process. *See, e.g.*, *Rio Props., Inc.*, 284 F.3d at 1016-17; *Liberty Media Holdings, LLC*, 2012 WL 122862, at *1. While Garb urges the court to reach that conclusion, it has failed to provide any substantive argument showing that its requested method of service is "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Rio Props., Inc.*, 284 F.3d at 1016-17 (quoting *Mullane*, 339 U.S. at 314). Furthermore, the court is unpersuaded that Plaintiff's proposed method of service, under the circumstances presented here, comports with traditional notions of due process. As previously noted, Garb seeks to effect service of process in this case by sending a copy of the summons and complaint by e-mail to an attorney. While Garb contends that said attorney is currently representing Titan in another, unrelated case pending in the Caribbean Court of Justice, it has provided insufficient support for that contention. Without more, the court cannot conclude that service upon the attorney in question is reasonably calculated to provide Titan with notice of the pendency of this case and provide it with an opportunity to respond. *See id*.

Third, Garb has failed to persuade the court that reasonable attempts have been made to effect service or that court intervention is necessary to avoid unduly burdensome or futile efforts to effect service. *See, e.g.*, *Clancy Sys. Int'l, Inc*, 2016 WL 9344080, at *3; *Schmitz*, 2013 WL 12161450, at *2; *In GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. at 265-66; *Liberty Media*

*Holdings, LLC*, 2012 WL 122862, at *2; *Blumedia Inc.*, 2011 WL 42296, at *4; *Malone*, 2009 WL 2139857, at *2; *Advert. Sex LLC*, 231 F.R.D. at 486. The only assertion Garb has made concerning its attempts at service is that it "initially attempted personal service, which was unsuccessful."[5] Further, while Garb claims court intervention is necessary because it "cannot serve Titan through postal services because of Belize's objections under the Hague Convention,"[6] Garb has not provided any further details or cited to any authority concerning that claim. Additionally, the court finds it noteworthy that Garb has failed to indicate whether it has contacted the above-referenced attorney to determine whether he will accept service on Titan's behalf. In the court's view, such an effort not only makes sense, but should be a part of the reasonable efforts at effecting service before seeking court intervention.

## CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Garb's motion for alternative service[7] is DENIED.

IT IS SO ORDERED.

DATED this 14th day of September, 2018.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[5] *Id*.

[6] *Id*.

[7] *See* docket no. 14.